**ORAL ARGUMENT HAS NOT BEEN SCHEDULED**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

### No. 10-1313

_____

### INDIANA UTILITY REGULATORY COMMISSION
**Petitioner,**
**v.**

### FEDERAL ENERGY REGULATORY COMMISSION,
**Respondent.**

_____

**On Petition for Review of Orders of the**
**Federal Energy Regulatory Commission**

_____

## BRIEF OF INTERVENOR PJM INTERCONNECTION, L.L.C.
## IN SUPPORT OF RESPONDENT
## FEDERAL ENERGY REGULATORY COMMISSION

Barry S. Spector
Paul M. Flynn
Wright & Talisman, P.C.
1200 G Street, N.W.
Suite 600
Washington, D.C.  20005
(202) 393-1200

Counsel for
PJM Interconnection, L.L.C.                    **Dated:  March 23, 2011**

**CERTIFICATE OF PARTIES, RULINGS AND RELATED CASES**

A.     Parties and Intervenors

All parties and intervenors appearing before this Court and in the

proceedings below before the Respondent Federal Energy Regulatory Commission

("FERC" or "Commission") are listed in the Initial Brief of the Petitioners.

B.     Rulings Under Review

The IURC has sought review of the following two FERC orders:

1.     "Order Conditionally Accepting Proposed Tariff Revisions," *PJM Interconnection, L.L.C.*, 128 FERC ¶ 61,238 (Sept. 14, 2008) ("Tariff Order"); and

2.     "Order on Rehearing, Clarification, and Compliance," *PJM Interconnection, L.L.C.*, 131 FERC ¶ 61,069(Apr. 23, 2010) ("Rehearing Order").

C.     Related Cases

As pointed out by the FERC, Resp. Br. at 16, the IURC filed the current

petition for review in the U.S. Court of Appeals for the Seventh Circuit, but that

court, on PJM's motion, transferred the case to this Court.

## CORPORATE DISCLOSURE STATEMENT OF
## PJM INTERCONNECTION, L.L.C.

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure ("FRAP") and Local Rule 26.1, Intervenor PJM Interconnection, L.L.C. ("PJM"), states that it is a limited liability company ("L.L.C.") organized and existing under the laws of the State of Delaware.  PJM is an independent regional transmission system operator authorized by the Federal Energy Regulatory Commission ("FERC") to administer an open access transmission tariff, operate energy and other markets, and otherwise conduct the day-to-day operations of the bulk power system of a multi-state region.  *See Pa. – N.J. – Md. Interconnection, L.L.C.*, 81 FERC ¶ 61,257 (1997), *reh'g denied*, 92 FERC ¶ 61,282 (2000), *modified sub nom. Atl. City Elec. Co. v. FERC*, 295 F.3d 1 (2002).[1]

Under Delaware law, the members of an L.L.C. have an "interest" in the L.L.C. *See* Del. Code Ann. tit. 6, § 18-701 (2009).  PJM members do not purchase their interests or otherwise provide capital to obtain their interests.  Rather, the PJM members' interests are determined pursuant to a formula that considers various attributes of the member, and the interests are used only for the limited

---

[1]    PJM also is an established Regional Transmission Organization. *PJM Interconnection, L.L.C.*, 101 FERC ¶ 61,345 (2002).

1

purposes of:  i) determining the amount of working capital contribution for which a member may be responsible in the event financing cannot be obtained;[2] ii) apportioning a member's assessment in the event of another member's default; or iii) dividing assets in the event of liquidation.  For these purposes, the only entities affiliated with PJM members that currently might have an interest in PJM of 10% or more are: American Electric Power Company, Inc. (including American Electric Power Service Corporation, Appalachian Power Company, Columbus Southern Power Company, Indiana Michigan Power Company, Kentucky Power Company, Kingsport Power Company, Ohio Power Company, Path West Virginia Transmission, LLC, and Wheeling Power Company); Dominion Resources, Inc. (including Virginia Electric and Power Company, Armstrong Energy Limited Partnership, LLP, Dominion Energy Marketing, Inc., Elwood Energy, LLC, Fairless Energy, LLC, Dominion Retail, Inc., NedPower Mount Storm, LLC, and Pleasants Energy, LLC); Exelon Corporation (including Commonwealth Edison Company, Exelon Generation, LLC, Exelon Energy Company, and PECO Energy Company); and PPL Corporation (including PPL Energy Plus – LLC, Lower

_____

[2]    Under the Amended and Restated Operating Agreement of PJM Interconnection, L.L.C., Third Revised Rate Schedule FERC No. 24, the amount of capital contributions received from all PJM members combined is capped at $5,200,000.  Because PJM has financed its working capital requirements, there have been no member contributions to date, and none are expected.

Mount Bethel Energy, LLC, PPL Electric Utilities Corporation, PPL Brunner

Island, L.L.C., PPL Holtwood, L.L.C., PPL Martins Creek, L.L.C., PPL Montour

L.L.C., PPL Susquehanna, L.L.C., and PPL University Park, LLC).  For

completeness, a list of all members of PJM follows:

A&C Management Group LLC*
AB Energy NE Pty. Ltd.
AC Energy, LLC
AC Power Financial Corp.
Acciona Energy North America Corporation (AENAC)
Adagio Energy LLC
AEP Appalachian Transmission Company, Inc.
AEP Energy Partners, Inc.
AEP Indiana Michigan Transmission Company, Inc.
AEP Kentucky Transmission Company, Inc.
AEP Ohio Transmission Company, Inc.
AEP Retail Energy Partners LLC
AEP West Virginia Transmission Company, Inc.
AES Armenia Mountain Wind, LLC
AES Beaver Valley, LLC
AES Energy Storage, LLC
AES Ironwood, LLC
AES Laurel Mountain, LLC
AES Red Oak, LLC
Air Liquide Industrials U.S., L.P.
Air Products & Chemicals, Inc.
AK Steel Corporation
Akula Energy, LLC
Algonquin Energy Services Inc.
Allegheny Electric Cooperative, Inc.

Allegheny Energy Supply Company, L.L.C.
ALLETE, Inc. d/b/a Minnesota Power
Alliant Energy Corporate Services, Inc.
Ally Energy LLC.
Alpha Gas and Electric, LLC
Altair Energy Trading, Inc.
Ambit Maryland, LLC
Ameren Energy Marketing Company
American Municipal Power, Inc.
American Power Partners LLC
American PowerNet Management, L.P.
American Transmission Systems, Inc.
Analytical Applications*
Anbaric Northeast Transmission Development Company, LLC
AP Gas & Electric (IL), LLC
AP Gas & Electric (MD), LLC
AP Gas & Electric (NJ), LLC
AP Gas and Electric (PA), LLC
APN Starfirst, LP
Appalachian Power Company
Apple Group LLC
APX Power Markets Inc.
Aquenergy Systems Inc.
ArcelorMittal USA LLC
ArcLight Energy Marketing, L.L.C.
Arctos Capital, LLC
Asset and Energy Cost Saving Cooperative, LLC
Associated Electric Cooperative, Inc.

Atlantic City Electric Company
Automated Algorithms, LLC
Axiom Markets, LLC
Balance Power Systems
Baltimore Gas and Electric Company
Bank of America, N.A.
Barclays Bank PLC
BE Red Oak LLC
Beacon Power Corporation
Beech Ridge Energy LLC
Benton Foundry, Inc.*
BG Energy Merchants, LLC
Big Rivers Electric Corporation
Big Sandy Peaker Plant, LLC
BigTreeSoft Inc.
BJ Energy, LLC
Black Oak Capital, LLC
Black Oak Energy, LLC
Black River Commodity Energy Fund LLC
Black River Commodity Fund Ltd.
Blackstone Wind Farm II LLC
Blackstone Wind Farm, LLC
Blue Ridge Power Agency, Inc.
Blue Star Energy Services, Inc.
Bluefin Electricity Trading LLC
BNP Paribas Energy Trading GP
Borough of Chambersburg
Borough of Ephrata
Borough of Lavallette, New Jersey
Borough of Mont Alto, PA
Borough of Park Ridge, New Jersey
Borough of Pitcairn, Pennsylvania
Borough of Seaside Heights, New Jersey
Borough of South River, New Jersey
BP Alternative Energy North America Inc.
BP Energy Company
Bridge Energy Traders

Brighten Energy LLC
Brookfield Energy Marketing LP
Brookfield Energy Marketing, Inc.
Brookfield Power Piney & Deep Creek, LLC
Brookfield Renewable Energy Marketing US LLC
Buckeye Energy Brokers, Inc.
Buckeye Power, Inc.
Calpine Energy Services, L.P.
Calpine Mid Atlantic Marketing, LLC
Calvert Cliffs Nuclear Power Plant, LLC
Cambria Cogen Company
Camp Grove Wind Farm, LLC
Cargill Power Markets LLC
Carolina Power & Light Company
Castlebridge Energy Group, LLC
CBK Group, LTD
CCES LLC
Centaurus Energy Master Fund, LP
Central Transmission, LLC
Central Virginia Electric Cooperative
Centre Lane Trading Limited
Champion Energy Marketing LLC
Champion Energy, LLC
Chesapeake Transmission LLC
Cinnamon Bay LLC
Citadel Energy Investments Ltd.
Citigroup Energy, Inc.
Citizens' Electric Company of Lewisburg, PA
City of Batavia, IL
City of Cleveland, DPU, Div of Cleveland Public Pwr
City of Dover, Delaware
City of Dowagiac
City of Naperville
City of New Martinsville - WV
City of Philippi - West VA

4

City of Rochelle
City Power Marketing, LLC
Clearview Electric, Inc.
Cleveland Electric Illuminating Company (The)
CMS Energy Resource Management Company
Coaltrain Energy LP
Cogentrix Virginia Leasing Corporation
Columbus Southern Power Company
Commerce Energy, Inc.
Commercial Utility Consultants, Inc.*
Commonwealth Chesapeake Company, LLC
Commonwealth Edison Company
Community Energy, Inc.
Comperio Energy LLC dba ClearChoice Energy
Conectiv Bethlehem, LLC
Conectiv Energy Supply, Inc.
ConEdison Energy, Inc.
ConocoPhillips Company
Conservative Electricity and Energy Corporation
Consolidated Edison Company of NY, Inc.
Consolidated Edison Solutions, Inc.
Constellation Energy Commodities Group, Inc.
Constellation Energy Control and Dispatch, LLC
Constellation Energy Projects & Services Group, Inc.
Constellation NewEnergy, Inc.
Constellation Power Source Generation, Inc.
Consumers Energy Company
Cordova Energy Company, LLC
CornerStone Power Development, LLC

Corona Power, LLC
Corporate Services Support Corp
Covanta Delaware Valley, L.P.
Covanta Energy Group, Inc.
Covanta Essex Company
Covanta Union, Inc.
CP Energy Marketing (US) Inc.
CPV Maryland, LLC
Credit Suisse (USA), Inc.
Credit Suisse Energy, LLC
Crete Energy Venture, LLC
CrunchEnergy, LLC*
Customized Energy Solutions, Ltd.*
Cygnus Energy Futures, LLC
Dayton Power & Light Company (The)
DB Energy Trading, LLC
DC Energy LLC
DC Energy Mid-Atlantic, LLC
DEL LIGHT INC
Delaware Municipal Electric Corporation
Delmarva Power & Light Company
Demand Response Partners, Inc.
Denver Energy, LLC
Devonshire Energy LLC
Direct Energy Business, LLC
Direct Energy Services, LLC
Discount Energy Group, LLC
Discount Energy, LLC
Divine Power, Inc.
Division of the Public Advocate of the State of Delaware
Dominion Energy Marketing, Inc.
Dominion Retail, Inc.
Domtar Paper Company, LLC
Downes Associates, Inc.
DPL Energy Resources, Inc.
DPL Energy, LLC
Driftwood LLC
DTE Energy Supply, Inc.

5

DTE Energy Trading, Inc.
Duke Energy Business Services LLC
Duke Energy Carolinas, LLC
Duke Energy Commercial Asset Management, INC
Duke Energy Kentucky, Inc.
Duke Energy Ohio, Inc.
Duke Energy Retail Sales, LLC
Duquesne Conemaugh LLC
Duquesne Keystone LLC
Duquesne Light Company
Duquesne Light Energy, LLC
Duquesne Power, LLC
DynArb LLC
Dynasty Power Inc
Dynegy Energy Services, Inc.
Dynegy Kendall Energy, LLC
Dynegy Power Marketing, Inc.
Dyon, LLC
E Minus LLC
E. F. Kenilworth, Inc.
E.ON Climate & Renewables North America Inc.
East Coast Power Linden Holdings, L.L.C.
East Kentucky Power Cooperative, Inc.
Easton Utilities Commission
Ebensburg Power Company
EcoGrove Wind, LLC
EDF Industrial Power Services (IL), LLC
EDF Trading North America, LLC
Edison Mission Marketing and Trading, Inc.
Edison Mission Solutions, LLC
EFS Parlin Holdings, LLC
El Paso Marketing, L.L.C.
Elkem Metals Company-Alloy LP
Elliott Bay Energy Trading, LLC
Elwood Energy, LLC

EMC Development Company, LLC
EME Homer City Generation L.P.
Emera Energy Services, Inc.
Employers' Energy Alliance of Pennsylvania, Inc.
Emporia Hydropower Limited Partnership
ENBALA Power Networks Inc.
Endure Energy, LLC
Energetix, Inc.
Energy Algorithms LLC
Energy America, LLC
Energy Analytics, Inc.
Energy Authority, Inc. (The)
Energy Consulting Services, LLC
Energy Cooperative Association of Pennsylvania (The)
Energy Cooperative of America, Inc.
Energy Curtailment Specialists, Inc.
Energy Endeavors, LLC
Energy Exchange Direct, LLC
Energy International Power Marketing Corporation
Energy Investments, LLC
Energy Logic, Inc.
Energy Plus Holdings LLC
Energy Services Providers, Inc.
Energy Spectrum Inc.
EnergyConnect, Inc.
Energy-Links, LLC
EnergyUSA - TPC Corp.
EnerNOC, Inc.
Enerwise Global Technologies, Inc.
Engage Energy America, LLC
EPEX, Inc.*
EPIC NJ/PA, L.P.
ERA MA, LLC
EverPower Wind Holdings Inc.
Exel Power Sources, LLC
Exelon Energy Company

6

Exelon Generation Co., LLC
Falcon Energy, LLC
February Futures, LLC
FirstEnergy Solutions Corp.
Florida Power Corporation dba Progress Energy Florida, Inc.
FMF Energy, Inc.
Forest Investment Group, LLC
Fowler Ridge II Wind Farm LLC
Fowler Ridge Wind Farm LLC
FPL Energy Marcus Hook LP
Franklin Power LLC
Fulcrum Energy Limited
G&G Energy, Inc.
Galt Power Inc.
Gateway Energy Services Corporation
GDF SUEZ Energy Marketing NA, Inc.
GDF SUEZ Energy Resources NA, Inc.
Gelber Energy LLC
Geneva Energy LLC
GenOn Energy Management, LLC
GenOn Potomac River, LLC
GenOn Power Midwest, LP
Gerdau Ameristeel Energy, Inc.
Glacial Energy of New Jersey, Inc.
Grand Ridge Energy II LLC
Grand Ridge Energy III LLC
Grand Ridge Energy IV LLC
Grand Ridge Energy LLC
Grand Ridge Energy V LLC
Granger Energy of Honey Brook, LLC
Grant Energy, Inc.
Grays Ferry Cogeneration Partnership
Great American Power, LLC
Great Bay Energy I, LLC
Great Bear Hydropower, Inc.
Green Light Energy LLC
Green Mountain Energy Company

GRG ENERGY LLC
Gridway Energy Partners, Inc.
Grunwald Fund, LP
H.Q. Energy Services (U.S.), Inc.
Hagerstown Light Department
Halo Equity Advisors, LLC
Handsome Lake Energy, L.L.C.
HAP Energy I, LLC
Harrison REA, Inc. - Clarksburg, WV
Hazleton Generation LLC
HEEP Fund Inc
Hess Corporation
Hexis Energy Trading, LLC
Highlands Energy Group LLC (The)
HIKO Energy, LLC
Holcim (US) Inc.
Hoosier Energy REC, Inc.
HOP Energy, LLC
Horizon Power and Light, LLC
Horizon Wind Energy LLC
H-P Energy Resources LLC
HSBC Technology & Services (USA), Inc.
Hudson Energy Services, LLC
IBERDROLA RENEWABLES, Inc.
Icetec.com, Inc.
IDT Energy, Inc.
Illinois Citizen Utility Board
Illinois Municipal Electric Agency
Independent Energy Consultants, Inc.*
Indiana Michigan Power Company
Indiana Municipal Power Agency
Indiana Office of Utility Consumer Counselor (IN OUCC)
Industrial Energy Users-Ohio
Industrial Metal Treating Corp.*
Ingenco Wholesale Power, LLC
Innoventive Power LLC
Integrys Energy Services, Inc.
IntelliGen Resources LP

Intergrid Mideast Group LLC
Interstate Gas Supply, Inc.
Invenergy LLC
Invenergy Nelson LLC
IPA Trading, LLC
J. Aron & Company
J.P. Morgan Ventures Energy Corporation
J3 Energy Group (The)
Jack Rich, Inc. d/b/a Anthracite Power & Light Company
James River Cogeneration Company
JAS Energy, LLC
JD Renewable Energy LLC
Jersey Central Power & Light Company
Jersey-Atlantic Wind, LLC
JPTC, LLC
Juice Technologies LLC
Jump Power, LLC
Kansas City Power & Light Company
Kansas Energy LLC
Kasia C LLC
Katmai Energy, LLC
Kentucky Power Company
Keystone Energy Partners, LP
KeyTex Energy LLC
KFW Energy, LLC
Kimberly-Clark Corporation
Kimmel Energy Associates*
Kingsport Power Company
Knedergy, LLC
Koch Supply & Trading, LP
KOREnergy, Ltd.
Krayn Wind LLC
Kuehne Chemical Company, Inc.
L & P Electric Inc., d/b/a Leggett & Platt Electric Inc.
LCG Consulting
LDH Energy Funds Trading Ltd.

Lehigh Capital, LLC
Lehigh Portland Cement Company
Lehman Brothers Commodity Services, Inc.
Letterkenny Industrial Development Authority - PA
Liberty Electric Power, LLC
Liberty Power Corp., L.L.C.
Liberty Power Delaware LLC
Liberty Power District of Columbia LLC
Liberty Power Holdings LLC
Liberty Power Maryland, LLC
Lincoln Generating Facility, LLC
Linde Energy Services, Inc.
Linde, Inc.
Linden VFT LLC
Long Island Lighting Company dba LIPA
Longview Power, LLC
Louis Dreyfus Energy Services, L.P.
Louisville Gas and Electric Company/Kentucky Utilities Company
Lower Electric, LLC
Lower Mount Bethel Energy, LLC
LSP Safe Harbor Holdings, LLC
Luminary Consulting LLC
Mac Trading, Inc.
Macquarie Energy LLC
Madison Gas & Electric Company
Madison Windpower LLC
MAG Energy Solutions Inc.
Magnolia Energy L.P.
Major Energy Electric Services LLC
Manitou Energy Fund, LP
Maple Analytics, LLC
Marina Energy, LLC
Marquette Energy LLC
Maryland Office of People's Counsel
MC Squared Energy Services, LLC

MD Energy Group, LLC
Meadow Lake Wind Farm II LLC
Meadow Lake Wind Farm III LLC
Meadow Lake Wind Farm IV LLC
Meadow Lake Wind Farm LLC
MeadWestvaco Corporation
MEG Generating Company, LLC
Mercuria Energy America, Inc.
Merrill Lynch Commodities, Inc.
MET MA, LLC
Metropolitan Edison Company
Metropolitan Energy, L.L.C.
Miami Valley Lighting, LLC
Michigan Public Power Agency
MidAmerican Energy Company
MidAtlantic Power Partners, L.L.C.
Middlesex County Utilities Authority
Middlesex Generating Co., L.L.C.
Midwest Generation, LLC
Millennium Inorganic Chemicals, Inc.*
Mint Energy, LLC
Monmouth Energy, Inc.
Monongahela Power Company d/b/a
Allegheny Power
Morgan Stanley Capital Group, Inc.
Morris Cogeneration, L.L.C.
MP2 Energy NE, LLC
Mt. Carmel Cogeneration Inc.
MXenergy Electric, Inc.
NAEA Ocean Peaking Power, LLC
NAEA Rock Springs, LLC
NASDAQ     OMX     Commodities
Clearing Company
National Railroad Passenger Corp. -
AMTRAK
NCSU Energy, Inc.
NedPower Mount Storm, LLC
Neptune     Regional     Transmission
System, LLC
NERC-Middlesex Solar I, LLC

NetPeak Energy Group LLC
New Covert Generating Company,
LLC
New Jersey Division of Rate Counsel
New York State Electric & Gas
Corporation
Nexgen Management and Consulting
Inc
NextEra Energy Power Marketing,
LLC
Nextera Energy Services Illinois, LLC
Nextera Energy Services New Jersey,
LLC
Noble Americas Energy Solutions LLC
Noble Americas Gas & Power Corp.
Nordic Energy Services LLC
North America Power Partners LLC
North American Natural Resources -
SBL, L.L.C.
North American Power and Gas LLC.
North Carolina Electric Membership
Corporation
North Carolina Municipal Power
Agency Number 1
Northeast Maryland Waste Disposal
Authority
Northeast Transmission Development,
LLC
Northeast Utilities Service Company
Northern Illinois Municipal Power
Agency
Northern Indiana Public Service
Company
Northern States Power Company
Northern Virginia Electric Cooperative
- NOVEC
NorthPoint Energy Solutions, Inc.
NRG Power Marketing, L.L.C.
NuEnergen, LLC
NYSEG Solutions, Inc.

NYX Energy Corp.
Oasis Power, LLC dba Oasis Energy
Occidental Power Services, Inc.
Oceanside Power LLC
Office of the People's Counsel for the District of Columbia
Ohio Consumers' Counsel
Ohio Edison Company
Ohio Power Company
Ohms Energy Company, LLC
Old Dominion Electric Cooperative
Olympus Power, LLC
Ontario Power Generation Energy Trading, Inc.
Ontario Power Generation Inc.
Ontelaunee Power Operating Company
Orion Asset Management, LLC
Owensboro Municipal Utilities
Ozark International Inc
P.H. Glatfelter Company
Palama, LLC
Palmco Power MD, LLC
Palmco Power NJ, LLC
Palmco Power OH, LLC
Palmco Power PA, LLC
Panda Power Corporation
Parma Energy, LLC
PATH Allegheny Transmission Company, LLC
PATH West Virginia Transmission Company, LLC
Paulding Wind Farm II LLC
PBF Power Marketing LLC
PECO Energy Company
Pedricktown Plant Holdings, LLC
PEI Power Corporation
PEI Power II, L.L.C.
Penncat Corporation
Pennsylvania Electric Company

Pennsylvania Office of Consumer Advocate
Pennsylvania Power Company
Pennsylvania Renewable Resources, Associates
PEPCO Energy Services, Inc.
PG Energy Services, Inc. dba PG Energy PowerPlus
PH Annapolis LLC
Pioneer Prairie Wind Farm I LLC
Pirin Solutions, Inc.
PJS Capital, LLC
Planet Energy (Maryland) Corp.
Planet Energy (Pennsylvania) Corp.
Planet Energy (USA) Corp.
Plymouth Rock Energy, LLC
Potomac Edison Company d/b/a Allegheny Power
Potomac Electric Power Company
Potomac Power Resources, Inc.
Powerex Corporation
PowerSecure, Inc.
Powhatan Energy Fund LLC
PPL Brunner Island, L.L.C.
PPL Electric Utilities Corporation d/b/a PPL Utilities
PPL Energy Plus, LLC
PPL Holtwood, L.L.C.
PPL Martins Creek, L.L.C.
PPL Montour, L.L.C.
PPL Susquehanna, L.L.C.
PPL University Park, LLC
Prairieland Energy, Inc.
Praxair, Inc.
Premcor Refining Group, Inc. (The)
Primary Power LLC
Procter & Gamble Paper Products Company (The)
Providence Heights Wind, LLC

PSEG Energy Resources and Trade LLC
Public Power & Utility of Maryland, LLC
Public Power & Utility of New Jersey, LLC
Public Power, LLC
Public Service Electric & Gas Company
Pure Energy, Inc.
Quiet Light Trading, LLC
Qvinta, Incorporated
R&R Energy, Inc.
Raiden Commodities LP
Rainbow Energy Marketing Corporation
RBC Energy Services LP
RC Cape May Holdings, LLC
Realgy, LLC
Red Wolf Energy Trading, LLC
Reliant Energy Northeast, LLC
ResCom Energy LLC
Respond Power LLC
Richards' Energy Group (The)*
Riverside Generating, LLC
Rochester Gas and Electric Corporation
Rockland Electric Company
Rolling Hills Generating, LLC
Round Rock Energy, LLC
Royal Bank of Canada
Royal Bank of Scotland, plc (The)
RRI Energy Services, LLC
RRI Energy Solutions East, LLC
RTP Controls, Inc.
S.J. Energy Partners, Inc.
Safe Harbor Water Power Corporation
Safeway Inc.
Sailor's Star Co.
Saracen Energy East LP
Saracen Energy Power Trading LP

Saracen Power LP
Schuylkill Energy Resources, Inc.
Select Energy New York, Inc.
Sempra Energy Trading, LLC
Sempra Generation
Servidyne Systems LLC
SESCO Enterprises LLC
SeverStal Sparrows Point LLC
Sheetz, Inc.*
Shell Energy North America (US), LP
SIG Energy, LLLP
Silverhill Ltd.
Site Controls, Inc.
Sithe Power Marketing, L.P.
Smart Grid Solutions LLC
Societe Generale Energy Corp.
Solios Power LLC
Solios Power Mid-Atlantic Trading LLC
South Carolina Electric & Gas Company
South Jersey Energy Company
South Jersey Energy Solutions, L.L.C.
Southeastern Chester County Refuse Authority
Southeastern Power Administration
Southeastern Public Service Authority (SPSA)
Southern Company Services as agent for Alabama Power Company
Southern Company Services as agent for Georgia Power Company
Southern Company Services as agent for Gulf Power Company
Southern Company Services as agent for Mississippi Power Company
Southern Company Services as agent for Southern Power Company

Southern Indiana Gas and Electric Company d/b/a Vectren Power Supply Inc.

Southern Maryland Electric Cooperative, Inc.

Spark Energy, L.P.

Starion Energy PA Inc.

STATARB INVESTMENT LLC

Stony Creek Wind Farm, LLC

Stream Energy Maryland, LLC

Stream Energy New Jersey, LLC

Stream Energy Pennsylvania, LLC

Summit Energy, LLC

SunCoke Energy, LLC

Sunoco Power Marketing, L.L.C.

Sunoco, Inc. (R&M)

Superior Plus Energy Services Inc.

Syncarpha Solar, LLC

Synergics Roth Rock Wind Energy, LLC

Synergy Solutions Group LLC

Tangent Energy Solutions, Inc.

Target Corporation*

TC Energy Trading, LLC

TEC Trading, Inc.

Telemagine, Inc.

Tenaska Power Services Co.

Tenaska Virginia Partners, L.P.

Tennessee Valley Authority (The)

Texas Retail Energy, LLC

The City of Geneva

The Trustees of the University of Pennsylvania, a Pennsylvania Non-Profit Corporation d/b/a University of Pennsylvania

User Customer"

Thurmont Municipal Light Company TJM, Inc.

Toledo Edison Company

Torofino Trading, LLC

Town of Berlin, Maryland

Town of Front Royal, Virginia

Town of Williamsport (The)

Traditum Group LLC

Trans-Allegheny Interstate Line Company

TransAlta Energy Marketing (U.S.) Inc.

TransCanada Power Marketing Ltd.

Trans-Elect Development Company, LLC

TransMarket Group LLC

Tri-County Rural Electric Cooperative, Inc.

TriEagle Energy, LP

Trinity Powerworks, Inc.

Twin Cities Energy, LLC

Twin Cities Power, LLC

U.S. Energy Partners dba PAETEC Energy Marketing

U.S. Energy Services, Inc.

UBS AG, acting through its London Branch

UGI Development Company

UGI Energy Services, Inc.

UGI Utilities, Inc.

Union Electric Company d/b/a AmerenUE

Union Power Partners, L.P.

University Park Energy, LLC

UtiliTech, Inc.*

Utility Advantage, LLC*

Valero Power Marketing, LLC

Velocity American Energy Master I, LP

Velocity Futures, LP

Verde Energy USA, Inc.

Verisae, Inc.

Vette Energy, LLC

Vineland Municipal Electric Utility

Virginia Division of Consumer Counsel
Virginia Electric & Power Company
Viridian Energy PA LLC
Viridity Energy, Inc.
Vision Power, LLC
Vitol Inc.
VMAC LLC
Wabash Valley Power Association, Inc.
Washington Gas Energy Services, Inc.
Wells Fargo Commodities, LLC
Wellsboro Electric Company
West Deptford Energy, LLC
West Oaks Energy LP
West Penn Power Company d/b/a Allegheny Power
Westar Energy, Inc.
Wheelabrator Frackville Energy Co Inc
Wheelabrator Portsmouth Inc.
Wheeling Power Company
Whiteside Energy Fund LP
Windy Bay Power LLC
Wisconsin Electric Power Company d/b/a WE Power Company
Wolf Hills Energy, LLC
Wolverine Power Supply Cooperative, Inc.
Wolverine Trading, LLC
Woodway Energy Partners, LLC
WPPI Energy
WPS Westwood Generation, L.L.C.
XO Energy MA, LP
XO Energy MA2, LP
York Generation Company, LLC
Zacho Energy Trading LLC

Respectfully submitted,

*/s/  Barry S. Spector*
Barry S. Spector
Wright & Talisman, P.C.
1200 G Street N.W., Suite 600
Washington, D.C.  20005
(202) 393-1200

**Attorney for
PJM Interconnection, L.L.C.**

Dated:  March 23, 2011

# TABLE OF CONTENTS

STATEMENT OF ISSUES ....................................................................1

STATUTES AND REGULATIONS ......................................................2

STATEMENT OF FACTS..................................................................2

ARGUMENT .......................................................................................3

I.      THE IURC FAILED TO PRESERVE IN ITS REHEARING
        REQUEST MOST OF THE ISSUES IT ATTEMPTS TO RAISE
        IN THIS COURT. ........................................................................3

II.     THE FERC'S ACCEPTANCE OF PJM'S TARIFF
        PROCEDURE REQUIRING DISTRIBUTORS, RATHER THAN
        AGGREGATORS, TO PROVIDE CUSTOMER ELIGIBILITY
        INFORMATION TO PJM WAS A REASONABLE EXERCISE
        OF THE FERC'S DISCRETION. ................................................8

        CONCLUSION.............................................................................13

# TABLE OF AUTHORITIES

## COURT CASES

*Allegheny Power v. FERC*,
    437 F.3d 1215 (D.C. Cir. 2006) ...................................................................... 3

*Petal Gas Storage, L.L.C. v. FERC*,
    496 F.3d 695 (D.C. Cir. 2007) .................................................................... 13

*Public Service Co. of New Mexico v. FERC*,
    863 F.2d 1021 (D.C. Cir. 1988) .................................................................. 7

## STATUTES

16 U.S.C. § 825*l*(b) .......................................................................................... 3

    * The case principally relied upon is noted with an asterisk.

# GLOSSARY

| | |
|---|---|
| Aggregator | Relevant aggregator of retail customers |
| Distributor | Relevant electric distributor or load serving entity |
| FERC | Federal Energy Regulatory Commission |
| FPA | Federal Power Act |
| Tariff Order | Order Conditionally Accepting Proposed Tariff Revisions, *PJM Interconnection, L.L.C.*, 128 FERC ¶ 61,238 (Sept. 14, 2008) |
| IURC | Indiana Utility Regulatory Commission |
| IURC Rehearing Request | Request for Clarification and Rehearing from the Indiana Utility Regulatory Commission, Docket Nos. ER09-701-000, -001 (Oct. 14, 2009) |
| PJM | PJM Interconnection, L.L.C. |
| Rehearing Order | Order on Rehearing, Clarification, and Compliance, *PJM Interconnection, L.L.C.*, 131 FERC ¶ 61,069 (Apr. 23, 2010) |
| Tariff | Open Access Transmission Tariff |

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 10-1313**

_____

INDIANA UTILITY REGULATORY COMMISSION
Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION,
Respondent.

_____

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

_____

BRIEF OF INTERVENOR PJM INTERCONNECTION, L.L.C.
IN SUPPORT OF RESPONDENT
FEDERAL ENERGY REGULATORY COMMISSION

**STATEMENT OF ISSUES**

1.      Whether the Indiana Utility Regulatory Commission ("IURC") may raise in this Court objections to orders of the Federal Energy Regulatory Commission ("FERC") approving PJM Interconnection, L.L.C. ("PJM") tariff provisions, where the IURC did not first present those objections to FERC in a request for rehearing.

2.    Whether the FERC reasonably exercised its discretion by approving the choice reflected in PJM's tariff that the relevant electric distributor or load serving entity ("distributor"), rather than the relevant aggregator of retail customers ("aggregator"), is the appropriate local entity to advise PJM that an end-user seeking to participate in PJM's demand response programs is not eligible under applicable state requirements to participate.

## STATUTES AND REGULATIONS

PJM adopts the Statutes and Regulations contained in the FERC's brief.

## STATEMENT OF FACTS

PJM adopts the Statement of Facts in the FERC's brief.

## SUMMARY OF ARGUMENT

This case presents a marked divergence between the arguments presented to the FERC in a request for rehearing and the arguments presented to this Court on brief.  There is remarkably little overlap between the two.  Accordingly, because the Federal Power Act ("FPA") predicates judicial review of an objection to an order of the FERC on the prior presentation of that objection to the FERC in a rehearing request, the Court must disregard most of the arguments presented by the IURC.

The only remaining issue concerns the choice of which entity—the distributor or the aggregator—should advise PJM that an end-use customer seeking

2

to register in PJM's demand response programs is not eligible to participate in such programs. PJM opted for the distributor, for perfectly sensible reasons, and the FERC found that approach reasonable. The IURC presents nothing to indicate that conclusion was an abuse of the FERC's discretion.

## ARGUMENT

### I. The IURC Failed To Preserve In Its Rehearing Request Most Of The Issues It Attempts To Raise In This Court.

PJM agrees with the FERC that the IURC failed to preserve, through a request for rehearing, most of the arguments it now attempts to raise in this Court. Resp. Br. at 19-26. That failure is fatal to its claims, as FPA section 313(b), 16 U.S.C. § 825*l*(b), imposes a strict requirement that this Court can hear no exception to a FERC decision that has not first been directly urged in a petition to the FERC for rehearing. *Allegheny Power v. FERC*, 437 F.3d 1215, 1220 (D.C. Cir. 2006).

Here, the IURC identified three issues in its request for clarification or rehearing. First, it asked the FERC to clarify that the date on which PJM had to recognize the IURC's authority over end-use customers' participation in PJM's demand response programs was the date of a 2009 IURC order on that topic, and not any later effective date the FERC established for PJM's tariff filing. IURC Rehearing Request at 2-3, R. 60, JA __-__. Second, it asked the FERC to clarify that it did not intend to modify existing PJM arrangements regarding state access to certain confidential market data. *Id.* at 3-4, R. 60, JA __-__. Third, it asked the

3

FERC to establish the aggregator, and not the distributor, as the party that advises PJM if a customer is not eligible to participate in PJM's demand response programs. *Id.* at 4-6, R. 60, JA __-__.

Aside from arguing the merits of the FERC's decision in its third rehearing issue, the IURC included an oblique reference to a concern about the FERC's jurisdiction, but only in a single conclusory sentence:  "[t]he IURC has argued and continues to assert that having the retail utility bear this certification requirement is an impingement on the IURC's jurisdictional authority over the retail utility." *Id.* at 4-5, R. 60, JA __-__.  After that effort to incorporate a jurisdiction argument by reference (without even identifying where it presented those arguments in the past), the IURC's rehearing request immediately turned to its main focus: its desire to present "an additional reason" for having the aggregator advise PJM whether an end-user is authorized to offer its load reductions into PJM's demand response program, arguing that it would force the aggregator to determine its customer's eligibility and advise the customer of the status, citing a recent example in which neither the end-user nor the aggregator knew the customer was ineligible. *Id.* at 5, R. 60, JA __.

In its rehearing order, the FERC denied the request for clarification on the effective date, granted the request for clarification on the confidentiality procedures, and re-affirmed that PJM's tariff provision, which seeks eligibility

4

information from the distributor, not the aggregator, is reasonable.  Rehearing

Order at PP 8-11, R. 79, JA __-__.  Unsurprisingly, the rehearing order did not

address the IURC's single-sentence jurisdiction argument.

Before this Court, the IURC no longer contests the effective date of the PJM

tariff changes.  Nor does it present any argument on its second rehearing issue

regarding confidentiality procedures, on which the FERC acted favorably.  Instead,

it argues that PJM's tariff creates a jurisdictional conflict with the IURC's orders

because the default, if the customer is not shown (in accordance with the

prescribed procedures) to be ineligible, is that the customer is eligible.  Pet. Br. at

19-20.  The IURC further argues in this Court that this default determination of

eligibility is contrary to the FERC's Order No. 719, contending that the FERC's

approval of those changes therefore is an unexplained departure from precedent.

*Id.* at 19-20, 22-23.

The IURC also argues that the tariff imposes an undue burden on the

distributor and violates FPA section 201 by compelling the distributor to advise

PJM of the customer's eligibility status.  *Id.* at 13-14, 24.  This, too, the IURC

contends, violates Order No. 719, because it forces the distributors to take actions

that, in the IURC's view, Order No. 719 promised the states they would not have

to take.  *Id.* at 24-25.  For good measure, the IURC also objects that PJM's tariff

does not properly reflect FERC's ruling that PJM must terminate customers

previously found eligible as soon as PJM becomes aware that they are ineligible. *Id.* at 21-22.

   None of these arguments appears in the IURC's rehearing request, and thus none was first urged to the FERC before being brought before this Court. Consequently, under the FPA, the Court cannot hear them.

   Perhaps the IURC will argue that kernels of its current arguments can be found in its arguments on its first and third rehearing issues. As presented in the rehearing request, the first issue touches on jurisdictional concerns, but the only relief requested of the FERC on that issue was that it order an earlier effective date for PJM's tariff changes. IURC Rehearing Request at 2-3, R. 60, JA __-__. The FERC responded to it as such, affirming that FERC was assigning an appropriate effective date to the PJM tariff revisions, and advising that any issues with the PJM tariff provisions in place prior to PJM's filing were beyond the scope of the proceeding. Rehearing Order at P 51, R. 79, JA __. The IURC does not challenge this finding.

   The third issue identified in the IURC's rehearing request does reference a jurisdictional concern, but only through an attempted incorporation by reference, and by making an unexplained and unsupported statement that the tariff change is an infringement on its jurisdiction. IURC Rehearing Request at 4-6, R. 60, JA __-__. As the FERC shows in its brief, this Court's precedent is abundantly clear that

6

rehearing objections must be raised directly and with specificity, and cannot simply be incorporated by reference.[3]  The agency must know with specificity the issues to which it needs to respond.  Here, the FERC with good reason did not understand the IURC's oblique single-sentence reference to unspecified arguments made elsewhere to have raised a jurisdictional argument in its rehearing request to which the FERC needed to respond.

If anything, this case shows the value of the FPA's strict rule on exhaustion of remedies.  Much of the IURC  brief consists of faulting the FERC for inadequately responding to arguments that the IURC never presented to the FERC. The deferential review Congress intended for appeals of the FERC's orders cannot even begin in circumstances like those presented here; the Court cannot consider whether the FERC reasonably responded to concerns with its order if those concerns were not presented to the FERC in the first place.  As this Court has recognized "[i]f a party could withhold from FERC some or all of its claims," then "Congress's intention to commit to FERC rather than to the judiciary the interpretation and application of the laws regarding the generation and sale of energy would be seriously frustrated."  *Pub. Serv. Co. of N.M. v. FERC*, 863 F.2d 1021, 1023 (D.C. Cir. 1988).

------------------------

[3]      Resp. Br. at 22, 23-25 (*citing Allegheny Power v. FERC*, 437 F.3d at 1220).

Accordingly, all that is left for consideration in this case is whether the FERC abused its discretion in finding that, as between two third parties—the distributor or the aggregator—that might advise PJM whether an end-use customer is ineligible for PJM demand response programs, PJM's tariff provision choosing the distributor for that role was reasonable.

## II. The FERC's Acceptance Of PJM's Tariff Procedure Requiring Distributors, Rather Than Aggregators, To Provide Customer Eligibility Information To PJM Was A Reasonable Exercise Of The FERC's Discretion.

PJM and its markets cover all or parts of 13 states and the District of Columbia. PJM's single interstate energy market operates under one set of rules; PJM does not have different market rules for each state in its region. Accordingly, PJM proposed and FERC accepted a single procedure, common throughout the PJM region, to manage whether an end-use customer is eligible under state law to participate in the PJM demand response programs.

Notably, although the IURC emphasizes throughout its brief its general rule that Indiana end-users may not participate in wholesale demand response programs, *see, e.g.*, Pet. Br. at 7, the IURC in fact allows end-users, based on case-by-case review, to participate in such programs. *Id.* at 6-7 (*quoting* IURC orders to effect that wholesale demand response participation is prohibited "unless such end-use customer has filed a petition for and received, after hearing, an order of the [IURC] authorizing such participation"). Therefore, contrary to the IURC's

repeated references to a "bright-line" test, *id.* at 13, 19-20, PJM cannot simply

assume that all Indiana end-use customers are barred from participation.  The

Indiana customer presenting itself to PJM for demand response registration may

well have obtained an exception from the IURC.  Thus, Indiana is no different

from most states when it comes to PJM demand response participation:  some

customers are eligible to participate; some are not.

PJM does not have the resources to research on its own which customers are

eligible under state law and which are not.  PJM operates in fourteen different

retail regulatory jurisdictions (including the District of Columbia).[4]  PJM therefore

reasonably relies on an appropriate entity in the affected state to advise PJM

whether a particular customer in that state is eligible.  Notably, the IURC does not

seem to object in principle to PJM's reliance on a third party to apprise PJM of

customer eligibility status, inasmuch as the IURC argued on rehearing that the

aggregator, not the distributor, should perform that function.

Once it is accepted that some customers may be eligible to participate in

wholesale demand response and some may not, and that PJM may properly rely on

third parties to advise it of eligibility status as individual customers seek to register

---

[4]     In addition to 13 states and the District of Columbia, there also are several
municipal jurisdictions that separately regulate the local eligibility of
participants in demand response programs and which are not subject to state
rules.

in PJM's demand response programs, the only issue is whether PJM's reliance on distributors for that role, not only in Indiana, but throughout the PJM region on a common basis, is reasonable.

As the FERC recognized, PJM already had a process in place enlisting the aid of distributors to vet prospective demand response registrants. Tariff Order at P 40, R. 59, JA __; Rehearing Order at P 30, R. 79, JA __. Specifically, PJM's previously approved tariff directs PJM to inquire from the distributor whether the end-use customer is already covered by a state retail obligation to reduce load. Rehearing Order at PP 10-11, R. 79, JA __. Notably, this is just one of the many end-use customer and load information reporting responsibilities the PJM agreements and tariff impose on distributors, given that they provide the physical connection to the end-use customers. PJM therefore simply added to the distributor's existing role in the demand response registration process a determination whether the customer is eligible under state law to participate in PJM's programs.

When the IURC proposed on rehearing that PJM should contact the distributor to determine if the customer is already obligated under a state load reduction program but should instead contact the aggregator to determine if the customer is eligible under state law to participate in PJM's wholesale load reduction program, the FERC reasonably found no need for PJM to have "parallel"

10

processes for those two very closely related determinations.  Rehearing Order at

P 11, R. 79,  JA __.[5]

It is difficult to detect anything about the FERC's choice that warrants

intervention by a federal court of appeals.  The IURC did not offer any evidence in

its rehearing request to suggest that distributors would report eligibility status

incorrectly; to the contrary, it conceded that the distributor has knowledge

"regarding a state's customer eligibility requirements."  IURC Rehearing Request

at 5, R. 60, JA __.  Rather, the rehearing request offered the weak rationale that

forcing the aggregator to report on end-user eligibility status would ensure that the

aggregator becomes aware of that status and hopefully communicates it to the end-

user, thus avoiding miscommunications like an example given in the rehearing

request.  But an aggregator can and should know whether the customers it relies

upon for load-reductions are legally permitted to engage in such a program,

regardless of whether it is responsible for communicating that status to PJM.  Thus,

ensuring the aggregator is educated on that topic is not a compelling reason to

assign the eligibility reporting role to the aggregator rather than the distributor

---

[5]     The FERC also correctly noted that the distributors themselves are subject to
the jurisdiction of the states, and therefore the states can make sure that the
distributors properly inform PJM of state requirements.  *Id.*

The further rationale the IURC offers on brief for splitting these registration-related determinations between the distributor and the aggregator fares no better. The IURC argues that the distributor has a financial interest in accurately reporting an end-user's other load-reduction obligations, but has no similar financial interest in accurate reporting of customer eligibility. Pet. Br. at 8-9. That may or may not be true, but in either case it does not provide persuasive evidence that the distributor would report eligibility *inaccurately*.

Ultimately, a case probably could be made for having *either* the aggregator *or* the distributor perform the essentially ministerial task of checking the eligibility status of a customer that has asked to register with PJM. But that underscores that the FERC's action was reasonable. The FERC can approve a section 205 tariff change simply because it is reasonable; the change need not be the most reasonable approach among all alternatives.[6] That is what the FERC did on this issue; accordingly, its order should be upheld.

---

[6]  *Petal Gas Storage, L.L.C. v. FERC*, 496 F.3d 695, 703 (D.C. Cir. 2007) (*citing Deaf Smith County Grain Processors, Inc. v. Glickman*, 162 F.3d 1206, 1215 (D.C. Cir. 2007) (citation omitted) ("under the arbitrary and capricious standard, 'the action . . . need be only a reasonable, not the best or most reasonable, decision'")).

## CONCLUSION

For the reasons presented here and in the FERC's brief, the petition for review should be denied.

Respectfully submitted,

*/s/ Barry S. Spector*
Barry S. Spector
Paul M. Flynn
Wright & Talisman, P.C.
1200 G Street, N.W.
Suite 600
Washington, D.C.  20005
(202) 393-1200

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 32(a)(7)(C)(i), I certify that the Brief of Intervenor contains 2,639 words, not including the tables of contents and authorities, the glossary, and the certificates of counsel.

Respectfully submitted,

*/s/ Barry S. Spector*
Barry S. Spector
Wright & Talisman, P.C.
1200 G Street N.W., Suite 600
Washington, DC  20005
(202) 393-1200

**Attorney for**
**PJM INTERCONNECTION, L.L.C.**

Filed: March 23, 2011

# CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25(d), and the Court's Administrative

Order Regarding Electronic Case Filing, I hereby certify that I have, this 23rd day

of March 2011, served the following upon the counsel listed in the Service

Preference Report via email through the Court's CM/ECF system or via U.S. Mail,

as indicated below:

| Case Number: 10-1313 | Service Preference |
|---|---|
| Beth Krogel Roads<br>Indiana Utility Regulatory Commission<br>101 West Washington Street<br>Suite 1500 East<br>Indianapolis, IN 46204 | -- |
| Eric A. Eisen<br>Eisen & Shapiro<br>10028 Woodhill Road<br>Bethesda, MD 20817-1218 | Email |
| Gary James Newell<br>Thompson Coburn LLP<br>1909 K Street, NW<br>Suite 600<br>Washington, DC 20006-1167 | Email |
| Randolph Lee Elliott<br>Miller, Balis & O'Neil, PC<br>1015 15th Street, NW<br>Washington, DC 20005-2605 | Email |
| Robert A. Weishaar Jr.<br>McNees, Wallace & Nurick<br>777 North Capitol Street, NE<br>Suite 401<br>Washington, DC 20002-0000 | Email |

| | |
|---|---|
| Robert Harris Solomon<br>Federal Energy Regulatory Commission<br>(FERC) Office of the Solicitor<br>888 First Street, NE<br>Washington, DC 20426 | Email |
| Samuel Soopper<br>Federal Energy Regulatory Commission<br>(FERC) Office of the Solicitor<br>888 First Street, NE<br>Washington, DC 20426 | Email |
| Steven Jay Ross<br>Steptoe & Johnson LLP<br>1330 Connecticut Avenue, NW<br>Washington, DC 20036-1795 | Email |
| Steven T. Nourse<br>American Electric Power Service Corporation<br>1 Riverside Plaza<br>Columbus, OH 43215-0000 | US Mail |

Respectfully submitted,

*/s/  Barry S. Spector*

Barry S. Spector
Wright & Talisman, P.C.
1200 G Street N.W., Suite 600
Washington, D.C.  20005
(202) 393-1200

**Attorney for
PJM INTERCONNECTION, L.L.C.**