## ORAL ARGUMENT HAS NOT BEEN SCHEDULED

### No. 10-1313

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
―――――――――――――――

INDIANA UTILITY REGULATORY COMMISSION

Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION,

Respondent.
―――――――――――――――

ON PETITION FOR REVIEW OF ORDERS OF
THE FEDERAL ENERGY REGULATORY COMMISSION
―――――――――――――――

**REPLY BRIEF OF PETITIONER
INDIANA UTILITY REGULATORY COMMISSION**
―――――――――――――――

Eric A. Eisen
Eisen & Shapiro
10028 Woodhill Road
Bethesda, MD 20817-1218
Telephone: 301-469-8590
Facsimile: 301-469-8120
Email: eric@eisen-shapiro.com

Beth Krogel Roads (#25655-64A)
Legal Counsel, RTO/FERC Issues
Indiana Utility Regulatory Commission
101 West Washington St., Suite 1500 E
Indianapolis, IN 46204
Telephone: 317-232-2092
Facsimile: 317-232-6758
Email: bkroads@urc.in.gov

Reply Brief Dated: April 6, 2011

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ii

GLOSSARY........................................................................................v

ARGUMENT ...................................................................................2

    I.  The Indiana Commission Appropriately Raised and Preserved the Jurisdictional Impact of Placing the Burden of Documentation and Enforcement on State Jurisdictional Retail Utilities ................................ 2

    II.  Intervenor AEP's Brief and Argument Are Properly Before the Court... 8

    III.  Issues Intentionally Not Raised and Not Preserved by the Indiana Commission ............................................................................ 10

    IV.  Additional Arguments by FERC and PJM Do Not Cure the Lack of Jurisdictional Authority.................................................... .........13

CONCLUSION ...............................................................................14

CERTIFICATION REGARDING WORD COUNT..................................16

CERTIFICATE OF SERVICE ...........................................................17

i

# TABLE OF AUTHORITIES

**Cases**

*Allegheny Power v. F.E.R.C.*,
437 F.3d 1215 (D.C. Cir. 2006)........................................................................3, 4, 5

*Apache Corp. v. F.E.R.C.*,
627 F.3d 1220 (D.C. Cir. 2010) ...................................................................................4

*City of Orrville v. FERC*,
147 F.3d 979 (D.C. Cir. 1998) .....................................................................................4

*Connecticut Light & Power Co. v. FPC*,
324 U.S. 515 (1945).......................................................................................................5

*Consolidated Edison Co. of New York v. FERC*,
315 F.3d 316 (D.C. Cir. 2003) ..................................................................................13

*Constellation Energy Commodities Group, Inc., v. FERC*,
457 F.3d 14 (D.C. Cir. 2006) .......................................................................................4

*Duncan's Point Lot Owners Ass'n, Inc. v. FERC*,
522 F.3d 371 (D.C. Cir. 2008) ..................................................................................11

*East Kentucky Power Coop., Inc. v. FERC*,
489 F.3d 1299 (D.C. Cir. 2007) ..................................................................................9

*Intermountain Municipal Gas Agency v. FERC*,
326 F.3d 1281 (D.C. Cir. 2003) ..................................................................................4

*Koch v. Cox*,
489 F.3d 384 (D.C. Cir. 2007) .....................................................................................5

*Office of Consumers' Counsel v. FERC*,
914 F.2d 290 (D.C. Cir. 1990) .....................................................................................4

\* Authorities chiefly relied on are marked with an asterisk.

*Save Our Sebasticook v. FERC*,
431 F.3d 379 (D.C. Cir. 2005) .................................................................4

*S. Cal. Edison Co. v. F.E.R.C.*,
603 F.3d 996 (D.C. Cir.  2010). ...............................................................5

*Synovus Fin. Corp. v. Bd. of Governors of Fed. Res. Sys.*,
952 F.2d 426 (D.C. Cir. 1991) .................................................................9

*Town of Norwood, Massachusetts v. FERC*,
906 F.2d 772 (D.C. Cir. 1990) .................................................................5

*Yee v. City of Escondido, Cal.,*
503 U.S. 519 (1992)...................................................................................5


**Statutes and Regulations**

*16 U.S.C. § 825l(b) ...................................................................................5


**Regulatory Authorities**

**Federal**

*Wholesale Competition in Regions with Organized
Energy Markets*, Order No. 719, 122 F.E.R.C. P 61,167
(Oct. 17, 2008) ("Order No. 719") .............................................. 2, 3, 5, 8, 10-11, 12

*Order on Rehearing, Wholesale Competition in Regions with
Organized Energy Markets*, Order No. 719-A, 128 F.E.R.C.
P 61-059 (Jul. 16, 2009) ("Order No. 719-A") ............................... 5, 6, 8, 10-11, 12

*AEP Response to PJM's 6/2/09 Filing*,
FERC Document No. 20090612-5055,
FERC Docket No. ER09-701-000 (submitted on Jun. 12, 2009). ............................7


* Authorities chiefly relied on are marked with an asterisk.

*Request of Allegheny Power Company for Rehearing*, p. 2,
FERC Document #20040409-0104, FERC Docket No. ER02-136-005. ..................4


**State**

*Petition of AK Steel Corporation for Approval to Participate in PJM Load
Response Programs*, IURC Cause No. 43503, 2008 Ind. PUC LEXIS 369
(approved Sep. 3, 2008)...................................................................... 7

*Petition of Omnisource Corporation for Approval to Participate
in PJM Load Response Programs*, IURC Cause No. 43546................................ 7

*Petition of Steel Dynamic, Inc. for Approval to Participate in PJM Load
Response Programs*, IURC Cause No. 43138,
2007 Ind. PUC LEXIS 224 (approved July 25, 2007) ..............................................7

\* Authorities chiefly relied on are marked with an asterisk.

# GLOSSARY

| | |
|---|---|
| AEP | American Electric Power Company |
| EDC | Electric distribution company (see also "Local distribution company") |
| End-use customer | A single location or an aggregation of locations that consume electricity; equivalent to a "retail customer" in a traditionally-regulated state like Indiana |
| FERC | Federal Energy Regulatory Commission |
| FPA | Federal Power Act |
| IURC or Indiana Commission | Indiana Utility Regulation Commission |
| JA | Joint Appendix |
| Local distribution company | The retail utility in a traditionally-regulated state like Indiana, combining the functions of the EDC and the LSE in the same company. |
| LSE | Load serving entity (see also "Local Distribution Company") |
| Order No. 719 | *Wholesale Competition in Regions with Organized Energy Markets*, Order No. 719, 122 F.E.R.C. P 61,167 (Oct. 17, 2008) |
| Order No. 719-A | Order on Rehearing, *Wholesale Competition in Regions with Organized Energy Markets*, Order No. 719-A, 128 F.E.R.C. P 61-059 (Jul. 16, 2009) |
| PJM | PJM Interconnection, L.L.C. |

R.                                Record Item Number from Certified
                                  Index to the Record

RTO                               Regional transmission organization

Rehearing Order                   *Order on Rehearing, Clarification, and
                                  Compliance*, 131 F.E.R.C. P 61,069 (Apr. 23,
                                  2010)

Retail customer                   The end-use customer or consumer of electricity
                                  in a traditionally regulated state like Indiana

Section 205                       Section 205 of the Federal Power Act,
                                  16 U.S.C. § 824d

Section 313(b)                    Section 313(b) of the Federal Power Act,
                                  16 U.S.C. § 824l(b)

September 14 Order                *Order Conditionally Accepting Proposed
                                  Tariff Revisions*, 128 F.E.R.C. P 61,238 (Sep.
                                  14, 2009)

## SUMMARY OF THE ARGUMENT

The basic issue before this Court is whether the FERC's approval of certain revisions to PJM's tariff exceeds the FERC's jurisdiction by imposing an undue burden on state retail jurisdictional utilities. The revisions oblige local distribution companies to assess, assert, and provide evidence of the ineligibility under state law of each retail customer seeking to participate in a wholesale program.  If the retail utility fails to act in the manner prescribed, then the tariff revisions afford PJM license to assume eligibility, notwithstanding state law and the FERC's rule. The narrow question is whether a federally-regulated public utility, by its federally-approved tariff, can impose these obligations on state-regulated utilities.  The Indiana Commission asserts that FERC does not have the authority to draft the state jurisdictional utility to serve as the unwilling vetting service for a federal entity.

This issue and its jurisdictional and practical aspects were argued before the FERC, were properly preserved in the Indiana Commission's Request for Rehearing, and were the subject of the Indiana Commission's Brief of Petitioner in this matter.

Rather than exploring the substantive legal problem, the Briefs filed by the FERC and by PJM attempt to strategically confuse the core issue on review by presenting and dismissing at length issues and arguments that the Indiana Commission

intentionally did not raise below, intentionally did not preserve in its Request for

Rehearing, or intentionally did not present or argue in its Petition for Review or in

its Brief.

## ARGUMENT

## I.   The Indiana Commission Appropriately Raised and Preserved the Jurisdictional Impact of Placing the Burden of Documentation and Enforcement on State Jurisdictional Retail Utilities

The FERC and PJM assert in their respective Briefs that the Indiana Com-

mission did not raise or preserve the issue of jurisdiction as it relates to the place-

ment of the evidentiary and enforcement burden on the state jurisdictional retail

utility.  The plain fact is that the Indiana Commission raised this issue to the FERC

at least twice.   First, it did so at page 6 of its Motion for Leave to Answer and An-

swer filed on March 25, 2009[1], arguing as follows:

> PJM's proposed revisions place the burden on the elec-
> tric distribution company (i.e., the retail utility) of producing
> evidence that a relevant electric retail regulatory authority pro-
> hibits retail customer participation in PJM's markets.  PJM jus-
> tifies this by citing to Order 719's allowance of flexibility in
> crafting tariff language, as well as stating that "such a proce-
> dure is more in keeping with the mechanics of PJM's existing
> tariff and registration process."[2]  As explained in prior filings,
> in Indiana the electric distribution company is the retail utility

---

[1] This Answer was accepted by the FERC in its September 14th Order.  *PJM Inter-connection, L.L.C.*, 128 F.E.R.C. P61,238,  62,117-62,118 (released Sept. 14, 2009) ("Sept 14th Order").

[2] PJM's Answer, p. 14.

that is under IURC jurisdiction, particularly with regards to the relationship between that utility and its retail customers. By placing the burden of proof on the retail side of the equation, PJM as a FERC jurisdictional entity is attempting to regulate retail entities, contrary to the Federal Power Act. The Commission has been prudent in avoiding state and federal jurisdictional issues in Order 719; it should require PJM to be as prudent and modify PJM's tariff revisions to place the burden on the wholesale entity seeking to profit from aggregating and bidding in the retail demand response resources.

Second, the Indiana Commission explicitly preserved this jurisdictional issue at page 4 of its Request for Rehearing:

> The IURC has argued and continues to assert that having the retail utility bear this certification requirement is an impingement on the IURC's jurisdictional authority over the retail utility.

The case that PJM and the FERC principally rely upon, *Allegheny Power v. FERC*, 437 F.3d 1215 (D.C. Cir. 2006) ("Allegheny Power"), supports the review the Indiana Commission seeks here. In the matter before this Court, the Indiana Commission has preserved its argument with greater specificity than Allegheny Power Company preserved its argument. Allegheny Power Company merely referred to and incorporated wholesale a document it had previously filed with the FERC, without any mention of any of the arguments it had made in that document. See *Request of Allegheny Power Company for Rehearing*, p. 2, FERC Document #20040409-0104, FERC Docket No. ER02-136-005. In contrast, the Indiana Commission's rehearing request clearly references with specificity the jurisdiction

issue, stating that FERC's approval is contrary to the Federal Power Act jurisdiction of the FERC and infringes on Indiana Commission jurisdiction.

The other cases cited by the FERC and PJM regarding argument waiver by lack of specificity are very distinguishable from the level of specificity of the Indiana Commission's rehearing request.  In those cases, there was no argument at all,[3] the statement in rehearing was overly broad or too general and vague,[4] or the rehearing request made the opposite argument to that raised on review.[5]

The purpose underlying the specificity requirement is to afford the agency opportunity to take account of the point in making its ruling. The FERC was certainly not unaware that it was navigating a jurisdictional border; from the outset the Order No. 719 series identified the area as one on that jurisdictional border. Before and after the FERC acted on PJM's tariff proposal the IURC said that "having the retail utility bear this certification requirement" crosses that border.  Having been specifically made aware of the issue, the considerations related to it should be well

---

[3] In addition to *Allegheny Power*, *see Constellation Energy Commodities Group, Inc., v. FERC*, 457 F.3d 14, 22 (D.C. Cir. 2006).

[4] S*ee Save Our Sebasticook v. FERC*, 431 F.3d 379, 381 (D.C. Cir. 2005) ("duty to consider all relevant facts");  *Office of Consumers' Counsel v. FERC*, 914 F.2d 290, 295 (D.C. Cir. 1990) ("purchases were imprudent");  *Intermountain Municipal Gas Agency v. FERC*, 326 F.3d 1281, 1285 (D.C. Cir. 2003) (statement could apply to any of multiple scenarios raised).

[5] S*ee City of Orrville v. FERC,* 147 F.3d 979, 990 (D.C. Cir. 1998) and *Apache Corp. v. FERC*, 627 F.3d 1220, 1222 (D.C. Cir. 2010).

known to the FERC, from Justice Jackson's words in *Connecticut Light & Power Co. v. FPC,* 324 U.S. 515, 528 (1945), through this Court's holdings in *Southern California Edison v. FERC*, 603 F.3d 996 (D.C. Cir. 2010).[6]

The FERC and PJM further argue that the Indiana Commission failed to preserve its jurisdictional argument because it did not seek rehearing of the FERC's Rehearing Order issued on April 23, 2010, which approved PJM's November 2009 compliance filing.  This is the second way that *Allegheny Power* supports the Indiana Commission and not the FERC and PJM. In *Allegheny Power*, 437 F.3d at 1222,  this Court, citing *Town of Norwood, Massachusetts v. FERC*, 906 F.2d 772, 775 (D.C. Cir. 1990), said that  § 313(b) of the Federal Power Act[7] requires a second request for rehearing "when the later order modifies the results of an earlier one in a significant way."  *Id*.  In other words, a second request is only required when the result is different.  *Id*.  Because the result was not different in the matter before it, this Court found that Allegheny Power had not waived its argument by failing to file a second petition for rehearing. *Id.* Even though the FERC's rationale had changed, the results had remained the same, rendering a second request for rehearing superfluous and unnecessary.  *Id.*  The same is true in

---

[6] *Cf., Yee v. City of Escondido, California,* 503 U.S. 519, 534-35 (1992); *Koch v. Cox*, 489 F.3d 384, 391 (D.C. Cir. 2007).(Once an issue has been raised below, a party may offer any argument in support of that issue; the party is not limited to the precise arguments made in the lower court.)

[7] 16 U.S.C. § 825l(b).

this proceeding.  While PJM's November 2009 compliance filing added some additional details, it did not change the burden and objection requirement being placed on local distribution companies (i.e., retail utilities).  The FERC's Rehearing Order did not change the result of the September 14 Order, but simply offered additional justification for approval of the burden and objection requirement.  Consequently, the Indiana Commission's arguments were not waived due to the lack of a second request for rehearing.

The issue for the Indiana Commission always has been that, by burdening local distribution companies without regard to their involvement in the wholesale demand response transaction, the tariff revisions proposed by PJM impermissibly cross the state-federal jurisdictional line that FERC had been so careful to avoid.  Where the Order 719 series and resultant final rules explicitly avoided placing any requirement on a retail regulatory authority such as a state commission to act, the PJM tariff revisions defeat that objective by inserting precisely that requirement, first by substituting the third party retail utility to act in place of the state commission to enforce the state commission's orders and second by implicitly requiring the state commission to oversee that new function by supervising the retail utility in its discharge.

The extent of this burden becomes clear when the factual record regarding Indiana customer eligibility is considered.  Only three (3) Indiana retail customers

have petitioned for Indiana Commission approval to participate in PJM's demand response programs. *See Petition of AK Steel Corporation for Approval to Participate in PJM Load Response Programs*, IURC Cause No. 43503, 2008 Ind. PUC LEXIS 369 (approved Sep. 3, 2008); *Petition of Omnisource Corporation for Approval to Participate in PJM Load Response Programs*, IURC Cause No. 43546; *Petition of Steel Dynamic, Inc. for Approval to Participate in PJM Load Response Programs*, IURC Cause No. 43138, 2007 Ind. PUC LEXIS 224 (approved July 25, 2007) The Indiana Commission approved all three (3) petitions. *Id*. In contrast, over fifty (50) retail customers applied in 2009 to be registered for PJM demand response programs. See *AEP Response to PJM's 6/2/09 Filing*, page 2, FERC Document No. 20090612-5055, FERC Docket No. ER09-701-000 (submitted on Jun. 12, 2009). This means that the one local distribution company involved, Indiana Michigan Power, must object and provide documentation over forty-seven (47) times of retail customer ineligibility (presumably somehow showing that each of those forty-seven (47) retail customers does not have an Indiana Commission order granting approval for participation). PJM requires these forty-seven (47) objections, even though PJM has actual knowledge that only three (3) Indiana retail customers are eligible and knows who those three (3) customers are. If the local distribution company fails to object, then the presumption in PJM's tariff revisions takes effect, assuming eligibility of Indiana retail customers, even if PJM otherwise has

knowledge of their ineligibility, and allowing registration of these ineligible customers, in violation of the FERC final rule requiring compliance with Indiana state law regarding retail customer eligibility. *See* 18 C.F.R. § 35.28(g)(1)(iii).

The arguments made in the Indiana Commission's initial Brief (regarding this presumption and how it violates the FERC final rules promulgated through Order Nos. 719 and 719-A) necessarily flow from and are a consequence of the obligation being placed on the local distribution company. The FERC's tariff approval here authorizes a process which forces retail utility action to prevent ineligible customers from participating in PJM's wholesale demand response programs and, if the retail utility fails to act, licenses PJM to assume eligibility contrary to state law and to the FERC rule that requires compliance with said state law. Under the tariff revisions approved by the FERC, if the retail utility fails to do what the FERC lacks power to require it to do, the wholesale utility may act contrary to state law and in violation of the FERC's own rule.

## II.    Intervenor AEP's Brief and Argument Are Properly Before the Court.

Intervenor American Electric Power ("AEP") may also properly present and argue the jurisdiction issue. Indeed, the Court has discretion to consider an intervenor's jurisdictional challenge to the agency's authority (that was not brought before the court by the petitioner) where the jurisdictional challenge is an "essential predicate" to the issue on review. *East Kentucky Power Coop.*, *Inc. v. FERC*, 489

F.3d 1299, 1305 (D.C. Cir. 2007) (internal quotation marks and citations omitted).

In *East Kentucky*, the Court determined that it had authority to review a challenge --- not otherwise before the Court -- regarding FERC's jurisdictional authority to approve a proposed RTO tariff provision.[8]  The Court stated that it may exercise discretion regarding the claims "even absent extraordinary circumstances," citing *Synovus Fin. Corp. v. Bd. of Governors of Fed. Res. Sys.*, 952 F.2d 426, 433 (D.C. Cir. 1991), which recognized "this court's traditionally flexible approach toward appellate procedure."  *East Kentucky*, 489 F.3d at 1305 (quoting *Synovus*, 952 F.2d at 433).

The issue raised here by Petitioner and seconded by Intervenor American Electric Power, like that raised in *East Kentucky*, is whether the FERC has the jurisdictional authority to approve the RTO tariff provision at issue.  Intervenor's arguments as to this issue are enlightening and merit consideration.  These arguments note that the FERC has never ruled that retail demand response is a sale at wholesale or transmission and that the "nexus" between retail utility and state regulator has nothing to do with FERC's authority beyond the Federal Power Act's instruction that it has no authority. AEP's collateral points go to the principal issue by asserting that the FERC's offered justifications for its action are unsupported by record evidence, unreasonable and arbitrary.  These points test the FERC's claims

---

[8] The tariff provision at issue in *East Kentucky* assessed costs on customers that were non-jurisdictional municipal and cooperative entities.

of reasonableness under the circumstances, including to the extent, if any, that claims of reasonableness may allow actions that an agency is not otherwise empowered to take.

### III.  Issues Intentionally Not Raised and Not Preserved by the Indiana Commission

The FERC and PJM's Briefs appear to be strategically obtuse regarding what issues the Indiana Commission has preserved and raised in this proceeding.  Both address issues that the Indiana Commission has intentionally not raised below or intentionally not preserved here.  To save time and resources in this review, the Indiana Commission briefly lists the issues discussed by the FERC and PJM that are not part of this proceeding:

- *FERC Jurisdiction to Issue Order Nos. 719 and 719-A.*  The Indiana Commission is not challenging the FERC's jurisdiction to issue Order Nos. 719 and 719-A and the resulting final rules.  There is no dispute that Order Nos. 719 and 719-A as written are within the FERC's authority.  Both Orders are directed solely at ISOs and RTOs.  Order No. 719, *5-6; Order No. 719-A, *50, 55.  Neither Order places any requirements on retail regulatory authorities, including state commissions, and neither Order places any requirements on the retail utilities, the distribution companies regulated by state commissions.  *Id.*  Because  this is not at issue, there is no dispute that the Indiana Commission did not preserve a claim to the contrary.

10

- *The Effective Date of PJM's Tariff Revisions.* The FERC and PJM Briefs note that the Indiana Commission's Petition for Review does not include any mention of or argument regarding the effective date of PJM's Tariff Revisions. PJM Brief, p. 3-5; FERC Brief, p. 19. FERC states that "Indiana has waived this argument on appeal", citing *Duncan's Point Lot Owners Ass'n, Inc. v. FERC*, 522 F.3d 371,277 (D.C. Cir. 2008) for the argument that the court will not address an "asserted but unanalyzed argument." Id. The Indiana Commission has not asked and is not asking this Court to review the FERC's decision regarding the effective date.

- *The Significance of PJM's 2009 Compliance Filing.* The Indiana Commission accepts that PJM's November 2009 compliance filing added language allowing for conditional eligibility of retail customers. This tariff language is not at issue here. The Indiana Commission's objection is to the presumption and objection burden placed on the state jurisdictional retail utilities, as laid out in PJM's initial February 2009 tariff revisions filing and which was not changed by PJM's November 2009 compliance filing. PJM's presumption of retail customer eligibility *regardless* of state law gives rise to the burdens PJM placed on the retail utility. Under PJM's tariff revisions as approved by the FERC both in the September 14 Order and in the Rehearing Order, PJM is authorized to presume eligibility based on how the retail utility performs

an obligation placed on the retail utility by an FERC approved tariff. The Indiana Commission's argument is that the FERC does not have the jurisdictional authority to approve the placement of such a burden, including both the presumption and the obligation to object, on the state jurisdictional retail utility.

- *The Order No 719 series "allows" for retail utility certification.* Mixed into its arguments discussed above, the FERC states that the Indiana Commission "conceded in its request for rehearing of the earlier Tariff Order that Order No. 719-A allows PJM to 'place this certification requirement' on the retail utility." FERC Brief, p. 22. The multiple definitions of "allow" includes "to make a possibility."[9] In that sense, Order Nos. 719 and 719-A allow for variances regarding on which entity the documentation and certification burden is placed. Placing a burden on the retail utility does not violate any rule saying that a burden *might* be placed there. However, this does not mean that an RTO or ISO can routinely place requirements on entities that are under the circumstances outside of FERC's jurisdictional authority.

Consequently, none of the FERC's arguments made in Section I.A. of its Brief are germane to this Petition for Review.

---

[9] See Merriam-Webster On-line Dictionary definition of allow, http://www.merriam-webster.com/dictionary/allow?show=0&t=1301605538.

## IV.  Additional Arguments by FERC and PJM Do Not Cure the Lack of Jurisdictional Authority

In addition to the arguments discussed above, FERC claims no error in its decision to approve the PJM tariff language that places the evidentiary and objection burden on the local distribution company because that was a reasonable choice among many options.[11]  However, it is not a reasonable choice for FERC to approve an option that is outside of its jurisdictional authority.  FERC also states that regulatory or administrative convenience is a proper consideration for the Commission and cites to *Consolidated Edison Co. of New York v. FERC*, 315 F.3d 316, 325 (D.C. Cir. 2003).  However, that case deals with FERC procedures before and after it issued a policy statement and how FERC explained its decision to change its own procedures.  It does not regard approval of a controversial tariff compliance filing that conflicts with duly promulgated FERC rules.

The apparent thrust of PJM's argument is that dealing with Indiana state law is too complicated and resource-intensive for PJM to be expected to comply. However, PJM is a large organization charged with the oversight and operation of an extremely complicated electric grid.  In fact, PJM's own website indicates that PJM has over 565 members, and operates an electric grid of over 56,500 miles of

---

[11] There appears to be some confusion in this part of FERC's Brief, because the section heading on page 26 refers to approval of a PJM tariff provision that requires the retail utility to provide notification to the state commission.  There is simply no such provision in the tariff revisions at issue in this proceeding.

transmission lines and over 167,000 megawatts of capacity, covering a geographical area of over 168,500 square miles with more than 54 million people. *See* http://www.pjm.com/about-pjm.aspx. The proposition that PJM can effectively administer the myriad of nuances presented by its operation of a major portion of the electric grid, including extensive interactions with its members and stakeholders, but is unable to comply with a state law that gives the Indiana Commission the ultimate decision-making authority in its demand response program eligibility is ludicrous.

## CONCLUSION

The Federal Power Act and FERC's own rules recognize and honor the jurisdictional authority of states and state utility commissions. PJM through its tariff provisions and FERC through its approval of those provisions must also be required to recognize and comply with the clear division of state and federal jurisdictional authority over the various facilities and entities involved in the electric power industry.

WHEREFORE, the Indiana Commission respectfully requests that this court vacate FERC's decision and remand this proceeding to FERC to reconsider and revise its determination regarding PJM's tariff compliance filing accordingly.

Respectfully submitted,

By: _____
Eric A. Eisen
Eisen & Shapiro
10028 Woodhill Road
Bethesda, MD 20817-1218
Telephone: 301-469-8590
Facsimile: 301-469-8120
Email: eric@eisen-shapiro.com

_____
Beth Krogel Roads
Legal Counsel, RTO/FERC Issues
Indiana Utility Regulatory Commission
101 West Washington Street,
Suite 1500 East
Indianapolis, IN 46204

Attorneys for IURC

## CERTIFICATION REGARDING WORD COUNT

The undersigned, counsel for Petitioner Indiana Utility Regulatory Commission, certifies pursuant to Fed. R. App. P. and Circuit Court Rule 32(a)(7) that this Brief complies with the type-volume requirements of the Court.  Based on the word count of the word processing system (Microsoft Word) used to prepare the brief, the brief contains 4,611 words, including words in footnotes, but excluding the parts listed in Fed. R. App. P. 32(a)(7)(B)(iii) and thus complies with the 7,000 word limitation.

This Brief has been prepared in a proportionately spaced type face, using Microsoft Word in font size 14, Times New Roman.

_____
Eric A. Eisen
Eisen & Shapiro
10028 Woodhill Road
Bethesda, MD 20817-1218
Telephone: 301-469-8590
Facsimile: 301-469-8120

16

## CERTIFICATE OF SERVICE

I certify that on this 6th day of April, 2011, I caused the Petitioner's Brief of the Indiana Utility Regulatory Commission, to be served on the following parties via e-mail through the Court's CM/ECF system:

**Federal Energy Regulatory Commission**
Samuel Soopper, Attorney
Federal Energy Regulatory Commission
888 1st Street, N.E.
Washington, D.C. 20426
Samuel.Soopper@ferc.gov

**American Public Power Association**
Randolph Lee Elliott
Miller, Balis & O'Neil, P.C.
1015 – 15th Street, N.W., Twelfth Floor
Washington, D.C. 20005
relliott@mbolaw.com

**American Municipal Power, Inc.**
Gary J. Newell
Thompson Coburn
1909 K St., N.W., Suite 600
Washington, D.C. 20006-1167
gnewell@thompsoncoburn.com

**American Electric Power Service Corp**.
Steven J. Ross
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
sross@steptoe.com

Steven T. Nourse, Senior Counsel
American Electric Power Service Corp.

1 Riverside Plaza, 29th Floor
Columbus, OH 43215
stnourse@aep.com

Monique Rowtham-Kennedy, Sr. Counsel
American Electric Power Service Corp.
801 Pennsylvania Ave., N.W., Suite 320
Washington, D.C. 20004
kennedy@aep.com

**PJM Industrial Customer Coalition**
    Robert A. Weishaar, Jr.
    McNees, Wallace & Nurick, LLC
    777 N. Capitol St., N.E., Suite 401
    Washington, D.C. 20002-4292
    rweishaar@mwn.com

**PJM Interconnection, L.L.C.**
    Barry S. Spector
    Wright & Talisman, P.C.
    1200 G St., N.W., Suite 600
    Washington, D.C. 20005
    spector@wrightlaw.com

Eric A. Eisen
Eisen & Shapiro
10028 Woodhill Road
Bethesda, MD 20817-1218
Telephone: 301-469-8590
Facsimile: 301-469-8120
eric@eisen-shapiro.com